Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

C.F. by and through his parent, ERICA
DRIGGERS, W.M. by and through his
parent, DESIREE PRESNELL, O.S. by and
through his parent, LINDSEY TOPPING-
SCHUETZ, J.P. by and through his parent,
JESSICA MORROW, W.J. by and through his
parent, DESIREE PRESNELL, individually
and on behalf of a class,

                    Plaintiffs,

v.

RYAN MORAN, in his official capacity as
Director of the Washington State Health Care
Authority,
                    Defendant.

Case No. 3:26-cv-05095-MLP

**PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION**

**Note on Motion Calendar:
March, 27, 2026**

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

COME NOW the Plaintiffs, by and through their attorneys, Albert Law PLLC, and

Robert H. Farley, Jr., Ltd., and file this Motion for Class Certification as follows:

**PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION- 1**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

## I.   INTRODUCTION

Despite the Plaintiffs and Classes having all been found eligible by the Defendant for Medicaid Private Duty Nursing (PDN) services and/or Medicaid Personal Care (PC) services, the Plaintiffs and Classes, are unable to obtain the approved PDN services and/or PC services, due to the failure of the Defendant to "arrange for (directly or through referral to appropriate agencies, organizations, or individuals) corrective treatment [nursing services]" as mandated by the federal Early and Periodic Screening, Diagnostic and Treatment (EPSDT) provisions of the Medicaid Act pursuant to 42 U.S.C. Sec. 1396a(a)(43)(C).  The Defendant also violates the Medicaid Act by failing to provide all of the approved Medicaid services with reasonable promptness.  Furthermore, the Defendant violates the Americans with Disabilities Act (ADA), and the Rehabilitation Act and other provisions of the Medicaid Act by failing to arrange for the delivery of the PDN and PC services which results in the Plaintiffs and Classes facing a serious risk of institutionalization.

## II.   STATEMENT OF FACTS

**a.      The Proposed Plaintiff Class**

Plaintiffs seek certification as a class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.  This action is brought as a statewide class action pursuant to Fed.R.Civ.P. 23(a) and (b)(2) on behalf of two classes:

> **Class No. 1:**
> All Medicaid-enrolled children under the age of 21 in the State of Washington who now or in the future have been approved for Private Duty Nursing (PDN) services by the Defendant, but who are not receiving Private Duty Nursing services at the level approved by the Defendant.

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION- 2**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

**Class No. 2:**
All Medicaid-enrolled children under the age of 21 in the State of Washington who now or in the future have been approved for Personal Care (PC) services by the Defendant, but who are not receiving Personal Care services at the level approved by the Defendant.

The proposed classes consist of approximately 4,800 Medicaid eligible children who have already been approved for PDN and/or PC services by the Defendant, and yet the Plaintiffs and Class, have been unable to obtain the approved hours due to the failure of the Defendant to arrange for the delivery of these services to the Plaintiffs and Class. Dkt. No. 1 ¶ 48, 49, 128.

**b.    The Class Representatives**

Plaintiffs C.F., W.M. and O.S. are Medicaid recipients who have been found by the Defendant to require PDN services but are unable to receive the PDN services at the level approved by the Defendant.  Dkt. No. 1 ¶ 8-10, 56-59, 71, 89. Plaintiffs J.P. and W.J. are Medicaid recipients who have been found by the Defendant to require PC services but are unable to receive the PC services at the level approved by the Defendant.[1] Dkt. No. 1 ¶ 11-12, 105, 118.

Plaintiff C.F. is approved for 16 hours per day (112 hours per week) of PDN services and has been only able to obtain approximately 37 hours per week of PDN services for the past 1 ½ years. Dkt. No. 1 ¶ 8, 56, 57; *see also* Driggers Decl. at ¶5. Plaintiff W.M. is approved for 372 hours per month (12 hours per day) of PDN and has received no PDN since

---

[1] Plaintiffs W.M. and O.S. besides being currently approved for PDN services, are also approved for PC services which they sought due to the failure of receiving PDN at the approved level. *See* Presnell Decl. as to W.M. at ¶ 8; Toppings-Scheutz Decl. at ¶6.

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION- 3**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

January 2025. Dkt. No. 1 ¶ 9, 71 *see also* Presnell Decl. as to W.M. at ¶6, 7. Plaintiff O.S. is approved for 56 hours per week (8 hours per day) of PDN and has only been able to use approximately 25 hours per week of PDN since March 2022.  Dkt. No. 1 ¶ 10, 89; see also Toppings-Schuetz Decl at ¶ 5.

Plaintiff J.P. is approved for 73 hours per month of PC services and has received no PC since 2020. Dkt. No. 1 ¶ 11, 105; *see also* Morrow Decl. at ¶ 6,7. Plaintiff W.J. is approved for 28 hours per month of PC services and has received no PC since July 2025. Dkt. No. 1 ¶ 12, 118; *see also* Presnell Decl. as to W.J. at ¶4.

## III.    ARGUMENT

The party seeking class certification bears the burden of satisfying each of the four requirements of Federal Rule of Civil Procedure 23(a) – numerosity, commonality, typicality, and adequate representation – and at least one requirement of Rule 23(b).  *Willis v. City of Seattle*, 943 F.3d 882, 885 (9th Cir. 2019).  Rule 23 is more than a "mere pleading standard." *Dukes*, 564 U.S. at 350.  Instead, it requires the party seeking class certification to "affirmatively demonstrate … compliance with the Rule." *Id*.  Plaintiffs seeking class certification "must actually prove – not simply plead – that their proposed class satisfies each requirement of Rule 23."  *Halliburton Co. v. Erica P. John Fund, Inc.,* 573 U.S. 258, 275 (2014).

Before certifying a class, the Court must be "satisfied, after a rigorous analysis," that the prerequisites of Rule 23(a) and (b) are satisfied.  *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 663 (9th Cir. 2022) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).  Determining whether Fed. R. Civ. P. 23's requirements have been met may require some analysis of the underlying claims.  *Dukes*, 564 U.S. at 351 (recognizing that "class determination generally involves considerations that are enmeshed

in the factual and legal issues comprising the plaintiff's cause of action" (citation omitted)).  The Supreme Court has strongly cautioned, however, that "[m]erits questions may be considered to the extent – but only to the extent – this they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."  *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013).  If the court is not fully satisfied that the requirements of Rule 23 have been met, certification should be denied.  *Falcon*, 457 U.S. at 161.

### a.      Plaintiffs' Classes Are Ascertainable

The proposed class definitions are similar to other classes that have been certified in New Mexico and Illinois on behalf of Medicaid-enrolled persons who had been approved for in-home shift nursing services or private duty nursing services by the defendant but are not receiving the nursing services at the level approved by the Defendant.  *See M.G. by and through Garcia v. Armijo*, 2023 WL 8602960, at *6 (D.N.M. Dec. 12, 2023)(certifying class defined as "[a]ll Centennial Care 2.0 beneficiaries under the age of 21 in New Mexico who have been approved for private duty nursing services by Defendants, but are not receiving the nursing services at the level approved by Defendants due to limited availability of services");[2] and *O.B. v. Norwood*, 2016 WL 2866132, at *1 (N.D. Ill. May 17, 2016) (certifying class defined as "[a]ll Medicaid-eligible children under the age of 21 in the State of Illinois who  have been approved for in-home shift nursing services by the Defendant, but who are not receiving in-home shift nursing services at the level approved by the Defendant,

---

[2] On September 9, 2024, the Court in *M.G.* amended the class definition in response to changing circumstances in this case and redefined the class as follows: "All Medicaid Managed Care program beneficiaries under the age of 21 in New Mexico who have been approved for nursing services at the level approved by Defendants due to limited availability of services."  (Doc. 479 at 8-9, 12).

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION- 5

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

including children who are enrolled in a Medicaid waiver program, such as the Medically Fragile Technology Dependent (MFTD) Waiver program, and children enrolled in the nonwaiver Medicaid program, commonly known as the Nursing and Personal Care Services (NPCS) program").

**b.    Plaintiffs Have Established the Prerequisites For a Class Action Pursuant to Rule 23(a)**

**i.    Numerosity**

To satisfy the prerequisite of numerosity, the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Joinder is impracticable where difficult or inconvenient; it need not be impossible. *Keegan v. Am. Honda Motor Co*., 284 F.R.D. 504, 522 (C.D. Cal. 2012). Although there "is no numerical cutoff for sufficient numerosity," "40 or more members will generally satisfy the numerosity requirement." *Id*. See also *Rannis v. Recchia*, 380 F. App'x 646, 650 (9th Cir. 2010). "A party seeking class certification … must be prepared to prove that there are *in fact* sufficiently numerous parties …." *Dukes*, 564 U.S. at 350 (emphasis in original).

At the time of the filing of the Complaint for Declaratory and Injunctive Relief, the Defendant failed to arrange for the delivery of PDN services to the Plaintiffs C.F., W.M. and O.S. As to Class No. 1, upon information and belief, there are approximately 100 children and adults eligible to receive private duty nursing services who are not receiving their PDN services at the approved level. Dkt. No. 1¶ 128.

As to Class No. 2, The Defendant failed to arrange for the delivery of PC services to Plaintiffs J.P. and W.J. There are approximately 4,700 children currently eligible to receive

PC services who are not receiving their PC services at the level approved.[3]  Dkt. No. 1¶ 48, 49, 128.

Both Classes are fluid in that new members are regularly created.  The number and identify of future Class members are naturally unknown, making joinder inherently impossible.

Other circumstances also point to impracticability of joinder.  The class members have limited financial resources and are unlikely to institute individual actions.  As Medicaid recipients, class members are located throughout the state and do not have the financial means to bring individual lawsuits.  Accordingly, in this case, numerosity is satisfied because the joinder of all individuals affected by the Defendant's policy is impracticable.

If the Defendant opposes class certification on numerosity, the Plaintiffs request that they be permitted discovery on this issue.

---

[3] Washington State's Department of Social and Health Services' (DSHS) issued a report dated December 1, 2023, which stated as follows:

"Of the 4,700 children currently eligible to receive personal care services [in the CFC program], 65% (3,100) had providers paid by DDA in the past year.  Those who received paid services utilized 74% of their authorized hours.  If children have the option to have their parents paid to complete their personal care tasks, DDA presumes all authorized hours would be claims and those who did not have a paid provider would now access one."

See Albert Decl. Ex. A at page 13.

Accordingly, 1,600 (4,700 – 3,100) children are receiving no personal care services and when added to the 3,100 children receiving 74% of their services, this results in the group as a whole only receiving approximately 50% of the approved hours.

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION- 7**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

### ii.    Commonality

A party seeking to satisfy Rule 23(a)(2)'s commonality requirement must demonstrate that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A plaintiff seeking to proceed class-wide meets the commonality requirement where their claims "depend upon a common contention … capable of class-wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. "[S]o long as there is even a single common question, a would-be class can satisfy the commonality requirement of Rule 23(a)(2)." *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014) (internal quotation marks and citation omitted). Thus, where the circumstances of class members "vary but retain a common core of factual or legal issues with the rest of the class, commonality exists." *Id*. (citation omitted).

The claims of the Class members raise common questions of law and fact as follows:

1. Whether the defendant has failed to "arrange for (directly or through referral to appropriate agencies, organizations, or individuals) corrective treatment [PDN services]" to the Plaintiffs and Class as mandated by the federal Early and Periodic Screening, Diagnostic and Treatment (EPSDT) provisions of the Medicaid Act pursuant to 42 U.S.C. § 1396a(a)(43)(C) and 42 U.S.C. § 1396d(r)(5);

2. Whether the Defendant has failed to furnish medical assistance with reasonable promptness to the Plaintiffs and Class, who are eligible children and adults with disabilities, pursuant to 42 U.S.C. § 1396a(a)(8);

3. Whether the Defendant violated the ADA and/or Rehabilitation Act when the Defendant failed to arrange for Medicaid-covered, medically necessary Private Duty Nursing and Personal Care services;

4. Whether the Defendant violated the ADA and/or the Rehabilitation Act by failing to assure that Private Duty Nursing services and Personal Care services are administered to the Plaintiffs and Class in the most integrated setting appropriate to their needs; and;

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION- 8**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

5. Whether the Defendant violated the ADA and/or the Rehabilitation Act failed to make reasonable modifications to the existing Medicaid benefit which would result in the availability of Private Duty Nursing services and Personal Care Services.

Three district courts have found commonality where, as here, the plaintiffs' claims were based on allegations that the defendants failed to provide or arrange for all the in-home nursing services to which they were entitled, in violation of the Medicaid Act, the ADA, and the Rehabilitation Act. *M.G.,* 2023 WL 8602960, at *13, is the most recent district court decision which found commonality similar to the claims in this case and stated as follows:

*I.N. ex rel. Zarinah F. v. Kent*, No. C 18-03099 WHA, 2019 WL 1516785, at *2 (N.D. Cal. Apr. 7, 2019)) (he claims of each class member regarding the extent to which defendants failed to arrange for necessary levels of in-home nursing services and defendants' resulting liability under federal law are common to the class."); *O.B.*, 2016 WL 2866132, at *4. For example, in *O.B.*, the Court found commonality based on the plaintiffs' "allegation of a 'systemic failure' to comply with the Medicaid Act's ESPDT [sic] component that has harmed all putative plaintiffs." *Id*. (citing *Jamie S. v. Milwaukee Pub. Schs.*, 668 F.3d 481, 498 (7th Cir.2012) (observing that "systemic failure" or "illegal policy" can "provide the 'glue' necessary to litigate otherwise highly individualized claims as a class," where the agency "operated under" policies "that violated" the act in question)). The Court agrees with *O.B.* that "[i]n such a case (as here), 'every plaintiff is suffering the same injury as a result of a general policy of the State– even if the services recommended for each patient vary among the class members' – and 'it is resolvable on a class-wide basis.'" *Id.* (quoting *N.B. v. Hamos*, 26 F. Supp. 3d 756, 773 *N.D. Ill. 2014)). As such, Plaintiffs have sufficiently established commonality under Rule 23(a)(2).

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION- 9**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

Accordingly, Plaintiffs have satisfied commonality in that they all are suffering the same injury due to the Defendant's failure to arrange for the delivery of Medicaid approved Private Duty Nursing services and/or Medicaid approved Personal Care Services in violation of the Medicaid Act, the ADA, and the Rehabilitation Act.

### iii.  Typicality

Rule 23(a)(3) requires that a class representative's claims or defenses be "typical of the claims or defenses of the class" they seek to represent.  Fed. R. Civ. P. 23(a)(3).  The purpose of the typicality requirement is to "ensure[] that the interest of the class representative aligns with the interests of the class."  *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1116 (9th Cir. 2017) (internal quotation marks and citation omitted).  "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct."  *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citation omitted).

Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct.  *General Telephone Company of Southwest v. Falcon*, 457 U.S. 147, 152 (1982).  When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is met irrespective of varying fact patterns which underlie individual claims.  *Id*; *see also Robidoux v. Celani*, 987 F.2d 931, 936-937 (2nd Cir. 1998); *Baby Neal ex rel Kanter v. Casey*, 43 F.3d 48, 56 (3rd Cir. 1994).  *See also De La Fuente v. Stokely-Van Camp,* 713 F.2d 225, 232 (7th Cir. 1983) (typicality satisfied regardless of whether "there are factual distinctions between the claims of the named plaintiffs and those of other class members.  Thus, similarity of legal theory may control even in the face

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION- 10**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

of differences of fact."). "If the services are 'medically necessary,' the origin of the condition is irrelevant." *N.B. v. Hamos,* 26 F.Supp.3d 756, 771 (N.D. Ill. 2014).

Typicality has been found in three other similar class action lawsuits.  *See M.G.,* 2023 WL 8602960, at *15 (finding typicality where the "Complaint alleges (and the record tends to demonstrate) that the Named Plaintiffs and the putative class are all subject to Defendant's systemic failure to provide or arrange for all of the PDN service hours they are approved for, in violation, of the Medicaid Act, the ADA, the Rehabilitation Act . . ." and the "Named Plaintiffs and putative class are also seeking common remedies . . . seek injunctive relief under the Medicaid Act, the ADA, the Rehabilitation Act.").  *See I.N.,* 2019 WL 1516785 at *2 (finding typicality element was satisfied where the "[t]he claims of each class member regarding the extent to which defendants failed to arrange for necessary levels of in-home nursing services and defendants' resulting liability under federal law are common to the class); *O.B.,* 2016 WL 2866132, at *4 (finding typicality element was satisfied where despite differences between the plaintiffs' medical conditions and the services required to treat them, "the name Plaintiffs here challenged the same alleged systemic failure to provide 'medically necessary' EPSDT services [in-home shift nursing] that harms every other class member").

The Plaintiffs' claims are typical of the class members' claims.  Plaintiff C.F. has been found eligible by the Defendant for PDN services.  Plaintiffs W.M. and O.C. have been found eligible by the Defendant for both PDN and PC services.  Plaintiffs J.P. and W.J. have been found eligible by the Defendant for PC services.  Despite being found eligible for these Medicaid services, the Defendant has failed to "arrang[e] for (directly or through referral to appropriate agencies, organizations, or individuals) corrective treatment [nursing services and/or personal care services]" as mandated by the federal EPSDT provision of the Medicaid

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION- 11

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

Act, pursuant to 42 U.S.C. § 1396a(a)(43)(C) and failed to provide services with reasonable promptness as required by 42 U.S.C. §1396a(a)(8).

The Plaintiffs and Class members are qualified persons with disabilities under the ADA and Section 504 of the Rehabilitation Act and are entitled to medically necessary private duty nursing services and personal care services.

### iv.   Adequacy of representation

Rule 23(a)(4) requires a class representative to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  This requirement "factors in competency and conflicts of class counsel" *Amchem Prod., Inc. v. Windsor,* 521 U.S. 591, 626 n.20 (1997) and requires: (1) the class representative and their counsel to not have any "conflicts of interest with other class members," and (2) the class representative and their counsel to "prosecute the action vigorously on behalf of the class." *Rutter & Willbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1187-88 (10th Cir. 2002) (internal quotation marks and citations omitted).  The party opposing a class has the burden to establish that representation is inadequate.  *Lewis v. Curtis*, 671 F.2d 779, 788 (3rd Cir. 1982), *cert. denied*, 459 U.S. 880, 103 S.Ct. 176 (1982).

The Plaintiffs are adequate representatives of the Class because they suffer from deprivations identical to those of the Class members and have been denied the same federal rights that they seek to enforce on behalf of the other Class members.  The Plaintiffs will fairly and adequately represent the interest of the Class members, many of whom are unable to pursue claims on their own behalf as the result of their disabilities.  Plaintiffs interest in obtaining injunctive relief for the violations of rights and privileges is consistent with and not antagonistic to those of any person within the Class.  There are no conflicts or antagonism, whether actual or apparent, between the named Plaintiffs and the Class.  Finding

PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION- 12

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

adequacy of representation in cases involving the similar issue present in this case. *See M.G.,* 2023 WL 8602960, at \*15; *I.N.,* 2019 WL 1516785, at \*2; *O.B.,* 2016 WL 2866132, at \*4.

The Plaintiffs are adequate representative of the Class because they suffer from deprivations qualifiedly identical to those of the Class members and have been denied the same federal rights that they seek to enforce on behalf of the other Class members. The Plaintiffs will fairly and adequately represent the interest of the Class members, many of whom are unable to pursue claims on their own behalf as the result of their disabilities. Plaintiffs interest in obtaining injunctive relief for the violations of rights and privileges is consistent with and not antagonistic to those of any person within the Class. There are no conflicts or antagonism, whether actual or apparent, between the named Plaintiffs and the Class. Finding adequacy of representation in cases involving the similar issue present in this case. *See M.G.,* 2023 WL 8602960, at \*15; *I.N.,* 2019 WL 1516785, at \*2; *O.B.,* 2016 WL 2866132, at \*4.

Counsel for the Plaintiffs are experienced civil rights attorneys with experience in complex class action litigation. Plaintiffs' counsels are qualified, experienced and able to conduct the proposed litigation. Robert H. Farley, Jr., in particular, has extensive experience litigating Rule 23(b)(2) class actions under the Medicaid Act, the ADA, and Section 504. Robert H. Farley, Jr.[4] has been appointed class counsel in *Koss v. Norwood,* 305 F.Supp.3d 897, 920 (N.D. Ill. 2018); *Donegan v. Norwood,* 2017 WL 6569634, \*13-14 (N.D. Ill. 2017); *O.B. v. Norwood,* 2016 WL 2866132, \*5 (N.D. Ill. 2016); *M.A. v. Norwood,* No. 15-3116 (N.D. Ill. 2016) Doc. 84 at page 13; *N.B. v. Hamos,* 26 F.Supp.3d 756, 777

---

[4] The United States of America stated, "Robert Farley is an experienced advocate who previously has represented clients in both title II and class actions." *Hampe v. Hamos,* No. 10-3121 (N.D. Ill. 2010) Doc. 26 at page 11, fn. 12.

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION- 13**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

(N.D. Ill. 2014); and *Hampe v. Hamos,* 2010 U.S. Dist. LEXIS 125858 (N.D. Ill. Nov. 22, 2010).  Gregory Albert has been appointed lead class counsel in *Adolph v. Reed Hein & Associates*, 2022 WL 14661765, \*1 (W.D. Wash. 2022).

### v.  Plaintiffs Meet the Requirements of Rule 23(b)(2)

Plaintiffs meet the requirements of Rule 23(b)(2), which allows courts to certify a class if the defendant "has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."  Fed. R. Civ. P. 23(b)(2).  "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class.  It does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant.  *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 360 (2011).

Rule 23(b)(2) has been satisfied in three similar class action lawsuits.  *See M.G.,* 2023 WL 8602960, at \*18 (defendants' . . . failure to . . . otherwise provide or arrange for Plaintiffs to receive the number of PDN services hours to which they are entitled – are generally applicable to all class members; and [] final injunctive and declaratory relief would be appropriate for the class as a whole.");  *O.B.,* 2016 WL 2866132, at \*4 (finding the requirements of Rule 23(b)(2) were satisfied where the plaintiffs sought class-wide relief "to remedy the systems in place that allegedly fail and/or prevent the arrangement of medically necessary EPSDT services [in-home shift nursing] in violation of the Medicaid Act, and which allegedly segregate, threaten to segregate, or otherwise discriminate against Plaintiffs in violation of the Rehabilitation Act, the ADA, and their integration mandates.  Such relief would benefit the entire class.  And, as explained above, no individual determinations are necessary to grant it, since the medical necessity of the services in question has already been

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION- 14**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

determined for each class member by [Defendant].”);  *I.N.,* 2019 WL 1516785, at *3 (finding the requirements of Rule 23(b)(2) were satisfied where the “action only seeks injunctive relief and the proposed settlement agreement would provide for uniform class-wide relief, including the designation of a Medi-Cal program or contracted organization that will provide case management services to secure class members’ approved in-home nursing services, oversight and monitoring of case management agencies by defendants, and the ability for class members to contact DHCS directly with questions or concerns about their in-home nursing or the case management services they are receiving”).

It is commonplace for courts to certify classes under Rule 23(b)(2) in cases where Medicaid recipients seek to enforce their rights to benefit.  See  *Doe by Doe, v. Chiles*, 136 F.3d 709, 712 (11th Cir. 1998);  *Marisol A. v. Guiliani,* 126F.3d 372, 278 (2nd Cir. 1997); *Baby Neal for and by Kanter v. Casey,* 43 F.3d 48, 64 (3rd Cir. 1994);  *Hampe v. Hamos,* 2010 U.S. Dist. LEXIS 125858, * 19 (N.D. Ill. 2010)*;  Boulet v. Cellucci,* 107 F.Supp.2d 61, 81 (D. Mass. 2000); *Benjamin H. v. Ohl,* No. CIV.A. 3:99-0338, 1999 WL 34783552, at *1 (S.D.W. Va. July 15, 1999); *Memisovski v. Maram,* No. 92 C 1982, 2004 WL 1878332, at *1 (N.D. Ill. Aug. 23, 2004); and  *Fields v. Maram,* , No. 04 C 0174, 2004 WL 1879997, at *1 (N.D. Ill. Aug. 17, 2004).  See also, *Bzdawka v. Milwaukee County,* 238 F.R.D. 469, 476 (E.D. Wis. 2006) (class of elderly disabled persons in claim under ADA integration mandate); *Makin v. Hawaii,* 114 F.Supp. 2d 1017, 1020 (D. Haw. 1999) (class of persons living at home certified in claim under ADA integration mandate).

In the instant case, the Defendant has acted or refused to act on grounds generally applicable to the Classes, as it has failed to arrange for the delivery of PDN and PC services at the level approved by the Defendant in violation of the Medicaid Act, EPSDT, ADA and the Rehabilitation Act.  Accordingly, the Plaintiffs have satisfied the requirements of Rule 23(b)(2).

**PLAINTIFFS’ MOTION FOR CLASS CERTIFICATION- 15**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

## IV. CONCLUSION

Wherefore, for the foregoing reasons, the Plaintiffs respectfully request that this Court grant Plaintiffs' Motion for Class Certification and certify proposed Class No. 1 and Class No. 2.

DATED 9th day of February 2026.

ALBERT LAW PLLC

By:_____
Gregory Albert, WSBA#: 42673
3131 Western Ave., Suite 410
Seattle, WA 98121 Telephone:
(206)-576-8044 Email:
greg@albertlawpllc.com
*Attorney for Plaintiffs*

Robert H. Farley, Jr.
Robert H. Farley, Jr., Ltd.
1155 S. Washington Street
Naperville, IL 60540
Telephone: (630) 369-0103
E-mail: farleylaw@aol.com

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION- 16**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044