Honorable Michelle L. Peterson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

C.F. by and through his parent, ERICA
DRIGGERS, W.M. by and through his
parent, DESIREE PRESNELL, O.S. by and
through his parent, LINDSEY TOPPING-
SCHUETZ, J.P. by and through his parent,
JESSICA MORROW, W.J. by and through his
parent, DESIREE PRESNELL, individually
and on behalf of a class,

     Plaintiffs,

v.

RYAN MORAN, in his official capacity as
Director of the Washington State Health Care
Authority,
     Defendant.

Case No. 3:26-cv-05095-MLP

**PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION**

**Note Motion on Calendar:
March 27, 2026**

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

COMES NOW the Plaintiffs, by and through their attorneys, Albert Law PLLC, and

Robert H. Farley, Jr., Ltd., and files this Motion for Preliminary Injunction as follows:

**PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION - 1**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

## I.  INTRODUCTION

Almost a decade ago, four children with complex health needs were unable to receive all of their approved private duty nursing services and they obtained a preliminary injunction against the this defendant, Washington State Health Care Authority and others, requiring them to "take all actions within their power necessary for Plaintiffs to receive 16 hours per day of private duty nursing, as previously authorized by Defendants." *A.H.R. v. Washington State Health Care Authority*, 469 F.Supp.3d 1018, 1050 (W.D. Wash. 2016).

Unfortunately, this same problem continues today for those Plaintiffs and Class approved for Private Duty Nursing ("PDN") services and who are not receiving PDN services at the level approved by the Defendant and additionally, for those Plaintiffs and Class approved for Personal Care ("PC") services and who are not receiving PC services at the level approved by the Defendant.  Accordingly, the Plaintiffs and Class request the entry of a Preliminary Injunction against the Defendant.

Medicaid enrolled children residing in the State of Washington with disabling and chronic health conditions brings this suit to challenge the Defendant's failure to arrange for private duty nursing ("PDN") services and the failure to arrange for personal care ("PC") services.

The Defendant acknowledges PDN services are medically necessary for Plaintiffs C.F., W.M., O.S., and the Class members approved of PDN services.  Dkt. No. 1 at ¶ 35. The Defendant acknowledges PC services are medically necessary to the Plaintiffs J.P., W.J., and the Class members approved for personal care services in the Community First Choice ("CFC") program. Dkt. No. 1 at ¶ 44.

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 2**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

Despite those Plaintiffs and Class having all been found eligible by the Defendant for either PDN services and/or PC services to be provided in their home, they are unable to obtain the approved PDN and/or PC services due to the failure of the Defendant to "arrange for (directly or through referral to appropriate agencies, organizations, or individuals) corrective treatment  [nursing services]" as mandated by the federal Early and Periodic Screening, Diagnostic and Treatment ("EPSDT") provisions of the Medicaid Act pursuant to 42 U.S.C. § 1396a(a)(43)(C), and also mandated by 42 U.S.C. § 1396a(a)(8), requiring that medical assistance "shall be furnished with reasonable promptness to all eligible individuals."  The Defendant also violates the Americans with Disabilities Act ("ADA"), the Rehabilitation Act and other provisions of the Medicaid Act by failing to arrange for the delivery of PDN and PC services, which results in the Plaintiffs and Class facing a serious risk of institutionalization.

## II.    EVIDENCE RELIED UPON

This verified motion relies on:

1. Declaration of Gregory Albert ("Albert Decl.") and the exhibits attached thereto;

2. Declaration of Erica Driggers as to Plaintiff C.F;

3. Declaration of Dr. Michael J. Tomkins as to Plaintiff C.F.;

4. Declaration of Desiree Presnell as to Plaintiff W.M.;

5. Declaration of Dr. Amanda M. Striegl as to Plaintiff W.M. ;

6. Declaration of Lindsey Topping-Schuetz as to Plaintiff O.S.;

7. Declaration of Dr. Michael J. Tomkins as to Plaintiff O.S.;

8. Declaration of Jessica Morrow as to Plaintiff J.P.;

9. Declaration of Desiree Presnell as to Plaintiff W.J.

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 3**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

### III.   FACTS

Plaintiff C.F. is 6 years old, and is ventilator, tracheostomy and gastronomy-tube dependent.  C.F. is approved 16 hours per day of PDN services and is only able to obtain approximately 37 hours per week of PDN services for the past year and a half. C.F. has been unable to locate any PDN providers to fulfill all the approved hours.  C.F. is at serious risk of institutionalization by not receiving the approved level of PDN services. Dkt. No. 1 at ¶ 54-57, 59, 63-65; *see also* Driggers Decl. at ¶ 2, 4, 5, 9, 10; Tompkins Decl as to C.F. at ¶ 4, 5, 10.

Plaintiff W.M. is three years old and requires a tracheostomy to maintain a stable airway and breathe due to multilevel airway obstruction.  He needs frequent suctioning up to 20 times per day.  W.M. lived in an institution (hospital and skilled care facility) after birth and for his first two and a half years of life he required 24-hour skilled nursing care. W.M. was approved for 372 hours per month of PDN, but he could not locate PDN providers to fulfill all the approved hours. W.M. has received no PDN services since January 2025.  In June 2025, W.M. was approved to exchange 360 hours of PDN for PC in the CFC program in order to receive some assistance at home.  W.M. currently receives approximately 180 hours per month of PC services and has not been able to locate PC providers to fulfill all the approved hours.  W.M. only utilizes PC services because he is not able to obtain PDN services.  It is medically necessary that W.M. receive PDN services and PC services are not a medical substitute for PDN services.  W.M. has been hospitalized multiple times since he has been living at home without PDN.  W.M. is at a serious risk of institutionalization by not receiving the approved level of PDN services and PC services. Dkt. No. 1 at ¶ 70-72, 76, 79-83; *see also* Presnell Decl. as to W.M. at ¶ 2, 4, 5, 6, 8, 9, 11, 13-15, Striegl Decl. at ¶ 4, 7, 10, 11, and Albert Decl, Ex. A at A-2.

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 4**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

Plaintiff O.S. is nine years old and receives nutrition and medication through a g-tube. His feeding pump is currently running approximately 17 hours a day. O.S. is non-speaking, uses a wheelchair, needs 24/7 care and full assistance with all activities of daily living and is a substantial risk for aspiration. O.S. is approved for 56 hours per week (248 hours per month) of PDN services and 232 hours per month (53.5 hours) of PC services and has only been able to use less than fifty percent (50%) of his approved PDN and PC hours. O.S. has been unable to located PDN and PC providers to fulfill all the approved hours. O.S. only utilizes PC services because he is unable to obtain all the approved PDN services. O.S. is at serious risk of institutionalization by not receiving the approved level of PDN. Dkt. No. 1 at ¶ 88, 89, 96-98; *see also* Topping-Schuetz at ¶ 2, 4, 5, 6, 9-11, Tomkins Decl. as to O.S. at ¶ 4, 5, 7, 10, and Albert Decl., Ex. B at B-2.

Plaintiff J.P. is 16 years old with cerebral palsy, developmental delay, intermittent explosive disorder, opposition defiant disorder, fecal smearing and wears diapers. J.P. requires assistance in activities of daily living and dealing with his behaviors of biting and kicking family members. J.P. is approved for 73 hours per month of PC services in the CFC program and has obtained zero hours of PC since 2020, as J.P. has been unable to locate any PC providers to fulfill all the approved hours. J.P. is at serious risk of institutionalization by not receiving the approved level of PC services. Dkt. No. 1 at ¶ 103-105, 106, 108, 110, 113; *see also* Morrow Decl. at ¶ 2, 3, 5, 6, 7, 9-11, Albert Decl., Ex. C at C-2, C-3.

Plaintiff W.J. is ten years of age with post-traumatic stress disorder ("PTSD"), ADHD and Autism. W.J. requires assistance in activities of daily living and dealing with his behaviors of hitting family members. W.J. is approved for 28 hours per month of PC services in the CFC program and has obtained zero hours of PC since he was approved in July 2025, as W.J. has been unable to locate any PC providers to fulfill all the approved hours. W.J. is at serious risk of institutionalization by not receiving the approved level of

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 5**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

PC services. Dkt. No. 1 at ¶ 117-119, 123; *see also* Presnell Decl. as to W.J. at ¶ 2, 3, 4, 5, 6, and Albert Decl., Ex. D at D-2, D-3.

The Defendant acknowledges that without PDN or PC services, the person is at risk of institutionalization. The PDN "[s]ervices provide alternatives to institutionalization in a hospital facility. . . ."  Dkt. No. 1 at ¶ 35-36.[1] PC services is one of the services in the Community First Choice ("CFC") program and "CFC is for people living outside of a medical institution . . . and who meet nursing facility level of care or the criteria to reside in an Intermediate Care Facility for the Intellectually Disabled."  Dkt. No. 1 at ¶ 43-45[2]

There are approximately 4,800 Medicaid eligible children who have already been approved for PDN and PC services by the Defendant, and yet the Plaintiffs and Class, have been unable to obtain the approved hours due to the failure of the Defendant to arrange for the delivery of these services to the Plaintiffs and Class.  Dkt. No. 1 at ¶ 48.

## IV.  ARGUMENT

### a.   Preliminary Injunction Standard.

This Court is authorized to issue preliminary injunctions by Fed. R. Civ. P. 65(a).  "A Plaintiff seeking a preliminary injunction must establish that he is [1] likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief,

---

[1] *See also* Wash. State Health Care Authority, Medicaid State Plan – Attachment 3: Services: General Provision, 46, 259 (Approved June 16, 2006) [available at https://www.hca.wa.gov/assets/program/SP-Att-3-Services-General-Provisions.pdf];   Home and Community Living Administration, Private Duty Nursing, Wash. State Dept. of Social and Health Services, https://www.dshs.wa.gov/altsa/private-duty-nursing (last visited Feb. 2, 2026).

[2] *See also* Wash. State Health Care Authority, Community First Choice (Jul. 1, 2015) https://www.hca.wa.gov/free-or-low-cost-health-care/i-help-others-apply-and-access-apple-health/community-first-choice

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 6**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

[3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Nautural Res. Def. Council Inc.*, 129 U.S. 365, 374 (2008)).  Where a plaintiff makes a strong showing of irreparable harm and that the injunction is in the public interest, they need not make as great a showing with respect to likelihood of success on the merits.  See *Alliance for Wild Rockies, v. Cottrell*, 632 F.3d 1127, 1134-1135 (9th Cir. 2011).  If the Court's injunction is "mandatory" rather than "prohibitory," then the Plaintiffs must meet the additional burden of showing that the law and facts clearly favor the Plaintiffs. *Anderson v. United States*, 612 F.2d 1112, 1114 (9th Cir. 1979) (quoting *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976)).

Plaintiffs ask for a "mandatory" injunction.  In *Katie A. ex rel. Ludin v. Los Angeles County*, 481 F.3d 1150, 1163 (9th Cir. 2007), a case that brought a "mandatory" preliminary injunction for Medicaid services, the Court vacated the preliminary injunction because the District Court relied "on an erroneous legal interpretation of the Medicaid statute" but found that the District Court relied on the correct legal standard for issuance of a preliminary injunction. *Id.* at 1152, 1156-57.  The mandatory preliminary injunction "required only that defendants supply the services that the court found to be required under federal law," "did not mandate detailed or burdensome procedures for compliance," and "allowed defendants an opportunity jointly to develop the remedial plan needs to implement the injunction." *Id.* at 1157.  These factors are all present in Plaintiff's injunction.

**b.     Injunctive Relief Extends to the Proposed Class**

The Court need not resolve Plaintiffs' Motion for Class Certification before issuing preliminary injunctive relief.  See *Fish v. Kobach*, 189 F.Supp.3d 1107, 1148 (D. Kan. 2016) ("[C]ase law supports this Court's authority to issue class wide injunctive relief based on its general equity powers before deciding the class certification motion.");  *Lee v. Orr*, 2013

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 7**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

WL 6490577, *2 (N.D. Ill. December 10, 2013) ("District courts have the power to order injunctive relief covering potential class members prior to class certification."    Courts routinely grant provisional class certification for purposes of entering injunctive relief.  *See, e.g., Baharona-Gomez v. Reno*, 167 F.3d 1228, 1233 (9th Cir. 1999); *Kaister v. County of Sacramento*, 780 F.Supp. 130, 131 n.5 (E.D. Cal. 1991).[3]

**c.    Merits**

**i.        Likelihood of Success - Private Duty Nursing**

The Plaintiffs and Class are likely to prevail on all claims.  The Complaint sets forth two claims under the Medicaid Act, one claim under the ADA, and one under the federal Rehabilitation Act.  These claims are identical to the claims raised in three other federal cases where the District Court entered a Preliminary Injunction against the [State], similar to the relief sought by those Plaintiffs and Class No. 1 seeking Private Duty Nursing services in this Motion for Preliminary Injunction.  *See M.G. through Garcia v. Scrase*, 2023 WL 3686751, *22-23 (D.N.M. 2023); *O.B. v. Norwood*, 170 F.Supp.3d 1186, 1201(N.D. Ill. 2016); *A.H.R. v. Washington State Health Care Authority*, 469 F.Supp.3d 1018, 1050 (W.D. Wash. 2016).  The Preliminary Injunctions were affirmed by the Circuit Court in *M.G. through Garcia v. Armijo*, 117 F.4th 1230, 1253 (10th Cir. 2024) and *O.B. v. Norwood*, 838 F.3d 837, 843 (7th Cir. 2016).

In *M.G.*, the Tenth Circuit stated: "A brief and helpful summary of the statutory basis for the mandate that participating States provide PDN services to medically fragile children is set out by the Seventh. . . ."117 F.4th at 1239-1240. Also, the Seventh Circuit in *O.B.*

---

[3] See also Newberg on Class Actions Sec. 4:30 (5th ed. Dec. 2019 update) ("[A] court may issue a preliminary injunction in class suits prior to a ruling on the merits.").

PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION - 8

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

stated: "The Act defines "medical assistance" as including "early and periodic screening, diagnostic, and treatment services [EPSDT] . . . for individuals . . . under the age of 21, . . ." 42 U.S. C. § 1396d(a)(4)(B) and requires the state to "mak[e] medical assistance available" to all eligible individuals. 42 U.S.C Code § 1396a(a)(10)(A).

A related provision, § 1396a(a)(43)(C), requires the state *to* "provide for . . . arranging for (directly or through referral to appropriate agencies, organizations, or individuals) corrective treatment the need for which is disclosed by such child health screening services."[4] Another provision, 42 U.S.C. § 1396a(a)(8), requires that medical assistance *"*shall be furnished with reasonable promptness to all eligible individuals."

One of the EPSDT treatment services is "'private duty nursing services,' 42 U.S.C. § 1396d(a)(8) . . . ; it means that the child lives at home rather than in a hospital or other medical-care facility and is attended by a nurse or series of nurses for the number of hours allowed by [the agency]." *O.B.*, 838 F.3d at 839; *see also Moore ex rel. Moore v. Reese*, 637 F.3d 1220, 1232-38 (11th Cir. 2011) (providing an exhaustive summary of the statutory and regulation system governing the provision of PDN services to medically fragile children).

In *M.G.*, the Tenth Circuit stated, "[t]he district court concluded [plaintiffs] were likely to prevail on their claim [defendant] is violating the provisions of 42 U.S.C. §§ 1396a(a)(10)(A), 1396a(a)(43), and 1396d(a)(4)(B) (fn. omitted)," and "[t]he district court did not err in finding, as a preliminary matter, that [plaintiffs] proved they were entitled

---

[4] Corrective "treatment" is "T" in the acronym "EPSDT."

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 9**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

to the number of PDN hours set out by the state approved EPSDT budget (fn. omitted)." *Id.* at 1240.[5]

In *O.B. v. Norwood*, the District Court found that the plaintiffs had a likelihood of success that the defendant violated the EPSDT and "reasonable promptness" provisions of the Medicaid Act, since all named plaintiffs and class members were found eligible for in-home shift nursing services, and the defendant "does not dispute that such services were both approved and undelivered." 170 F.Supp.3d at 1196; *see also A.H.R.*, 469 F.Supp.3d at 1043, 1046 ("court concludes that Plaintiffs are likely to succeed in their § 1983 claim that HCA failed to provide and arrange for medical assistance with reasonable promptness as required by the Medicaid Act"; "court concludes that Plaintiffs have shown a success on the merits of their claim under Title II of the ADA").

Besides the Defendant violating the EPSDT provisions of the Medicaid Act in denying the Plaintiffs and Class No. 1 (who are under the age of 21) PDN hours to which the Defendant has already determined they are entitled, the Defendant also violates the Medicaid Act for those Plaintiffs and Class No. 1 as PDN is provided pursuant to the Washington State Medicaid Plan. The Washington State Medicaid Plan provides PDN to those 17 years or younger and to those 18 years of age or greater. Dkt. No. 1 at ¶ 35, 38. The Plaintiffs and Class No. 1 are likely to show that Defendant failed to provide PDN services in a reasonably prompt manner as required by the Medicaid Act. The Act required that Medicaid services be "furnished with reasonable promptness to all eligible individuals." 42 U.S.C.

---

[5] *See also M.G.*, 2023 WL 3686751, *11 ("Because Defendants' failure to provide Plaintiffs with PDN hours for which they have been approved presents an immediate risk that Plaintiffs be institutionalized, rather than remain at home with their families or retain access to the community, Plaintiffs have shown an adequate likelihood of success on their claim that Defendants have violated Title II of the ADA.") .

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 10**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

§ 1396a(a)(8).  Moreover, state agencies must "[f]urnish Medicaid promptly to recipients without any delay caused by the agency's administrative procedures."  42 C.F.R. § 435.930.

There is no dispute that Defendant found all named Plaintiffs and Class members eligible for Medicaid-covered PDN services based on medical necessity.  However, although the Defendant found specific amounts of nursing hours to be medically necessary for all Plaintiffs and proposed Class members, he has failed to provide adequate services for months, if not years, after the services were approved.  Plaintiff C.F. has been only receiving approximately one-third of the approved PDN hours for the past year and half. Dkt. No. 1 at ¶ 57; *see also* Driggers Decl. at ¶ 5. Plaintiff W.M. has received no PDN services since January 2025. Dkt. No. 1 at ¶ 71; *see also* Presnell Decl. as to W.M. at ¶ 6. W.M. lived in a hospital and skilled nursing facility after his birth for his first two and half years of life as there were no PDN services available to bring him home and had there been sufficient PDN services, then he would have been discharged from the hospital when he was approximately three months old. Dkt. No. 1 at ¶ 70.; *see also* Presnell Decl. as to W.M.  at ¶ 5. Plaintiff O.S. has only been receiving approximately half of the approved PDN hours since March 2022. Dkt. No. 1 at ¶ 89; *see also* Topping-Schuetz Decl. at ¶ 5.   "It is axiomatic that delays of several years are far outside the realm of reasonableness." *Doe v. Chiles*, 136 F.3d 709, 717 (11th Cir. 2003).

ii.      **Likelihood of Success - Personal Care Services.**

Those Plaintiffs and Class No. 2 who have been approved for PC services and are unable to receive these services at the level approved by the Defendant, have a likelihood of success for the same reasons as set forth above where persons have been unable to receive PDN services at the level approved.  The Plaintiffs and Class No. 2 are all approved for personal care services in the Community First Choice ("CFC") program. Presnell Decl. as to

PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION - 11

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

W.M. at ¶ 8; Topping-Schuetz Decl. at ¶ 6; Morrow Decl. at ¶ 6; Presnell Decl. as to W.J. at ¶ 4. The CFC program and its services, which includes personal care services, is to support clients to remain in community settings who have already met an institutional level of care, of a nursing facility level of care or the criteria to reside in an Intermediate Care Facility for the Intellectually Disabled ("ICFDD"). Dkt. No. 1 at ¶ 44-45. Thus, the Defendant is acknowledging that without approved personal care services being provided to the Plaintiffs and Class No. 2, there is a risk of institutionalization.

Like the Plaintiffs and Class No. 1, the Defendant has failed to provide adequate PC services for months, if not years, after the services were approved to the Plaintiffs and Class No. 2. Plaintiff J.P. has obtained zero hours of PC services since he was first approved in 2016, as J.P. has been unable to locate any PC provider to fulfill all the approved hours. Morrow Decl. at ¶ 6. Plaintiff W.J. has obtained zero hours of PC services since he was approved in July 2025. Presnell Decl. as to W.J. at ¶ 4.

In *Indiana Protection and Advocacy Services Commission v. Indiana Family and Social Services Administration*, 149 F.4th 917 (7th Cir. 2025), the plaintiffs were unable to receive all of their approved private duty nursing ("PDN") hours and the defendant's new Medicaid waiver, no longer permitted the parents to be paid for attendant care (personal care) services rendered to their child. *Id.* at 943. The Seventh Circuit affirmed the District Court's entry of the Preliminary Injunction, stating:

> Here, the district court determined that Plaintiffs had shown a high likelihood of success on the merits of their ADA claims and had shown irreparable harm in the form of the denial of medically necessary care. It then held that the balance of equities and public interest weighed in favor of enjoining FSSA to "allow the Individual Plaintiffs to continue receiving medically necessary attendant care services from their mothers in the amount approved by FSSA immediately before the policy changes challenged in this litigation took effect on September 1, 2024,

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 12**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

until in-home skilled nursing services are secured for the Individual Plaintiffs."
We agree.

*Id.* at 928.

The Circuit Court just addressed the ADA's claims and not the Medicaid claims. *Id.* at 927. The Circuit Court stated:

> The combination of the practical lack of available in-home nursing care and the H&W Waiver's prohibition on LRI [legally responsible individual]-provided attendant care creates the serious risk of institutionalization that triggers the integration mandate here. *See Steimel*, 823 F.3d at 914 (integration mandate applies when State policies place individuals with disabilities "at serious risk of institutionalization") The district court could therefore tailor its injunction to order relief under the ADA until in-home nursing car becomes available, even in the absence of a viable Medicaid Act claim.

*Id.*

The Circuit Court agreed that "Plaintiffs will likely suffer irreparable harm—the denial of medically necessary attendant care services in their homes—without preliminary injunctive relief." *Id.* at 938. "In the absence of preliminary injunctive relief, Plaintiffs are highly likely to be institutionalized." *Id.* at 943.

### iii.    Irreparable Injury

As set forth in the Complaint and attached Exhibits, the Plaintiffs are suffering and will continue to suffer profound harm without necessary PDN and PC services. C.F., W.M., and O.S. face serious risks of illness, injury, and harmful medical complications without receiving all the approved PDN hours. Driggers Decl. at ¶ 9; Tomkins Decl. as to C.F. at ¶ 7; Presnell Decl. as to W.M. at ¶ 13, 14; Streigl Decl. at ¶ 9, 11; Topping-Schuetz Decl. at ¶ 9, 10; Tomkins Decl. as to O.S. at ¶ 8. All the Plaintiffs face a serious risk of institutionalization as they try to make do without receiving the approved level of PDN and PC services.

PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION - 13

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

The Defendant has already determined that PDN is medically necessary for the Plaintiffs and Class no. 1.   *See A.H.R.*, 170 F.Supp.3d at 1047 (demonstrating irreparable injury, where State "already determined the services that are needed"; "the abundance of case authority that has found irreparable harm when medical services are eliminated or reduced in similar situations") (collecting cases).

### iv.    Balance of Harms and the Public Interest

In *A.H.R.*, the Court stated whether the balance of hardships tips in favor of a preliminary injunction and whether the public will benefit from the proposed preliminary injunction "may be viewed together." 449 F. Supp. 3d at 1047-48; *see also Tamara v. El Camino Hosp.*, 964 F. Supp. 2d 1077, 1087 (N.D. Cal. 2013).   In the context of providing public benefits, the Ninth Circuit has observed: "[w]e have several times held that the balance of hardships favors beneficiaries who may be forced to do without needed medical services over a state concerned with conserving scare resources." *M.R. v. Dreyfus*, 697 F.3d 706, 737-738 (9th Cir. 2012). Furthermore, the Ninth Circuit also recognizes a robust public interest in safeguarding access to health care for those eligible for Medicaid, whom Congress recognizes as the neediest in the country.  *Id.* at 738; *see also Haskins v. Stanton*, 794 F.2d 1273, 1277 (7th Cir. 1986) ("Because the defendants are required to comply with [the analogous federal] Act under the terms of the Act, we do not see how enforcing compliance imposes any burden on them.  The Act itself imposes the burden; this injunction merely seeks to prevent the defendants from shirking their responsibilities under it.").

Granting a Preliminary Injunction requiring the Defendant to arrange for the delivery of PDN and PC services at the level approved by the Defendant would have no detrimental effect on the public.  No widespread change to non-parties would result from the Defendant arranging to deliver the level of services which he has previously approved.  In *M.G.*, the

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 14**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

Circuit Court stated, "that [defendant] is not substantially burdened by the preliminary injunction because it only obligates [defendant] to do what is already required by the Medicaid Act."  117 F.4th at 1248*; see also O.B.*, 170 F.Supp.3d at1200-1201, ("the public has an interest in seeing care and a treatment the [defendant] has already determined to be medically necessary fully provided to the disabled children who seek it here.  Nor does the Court perceive an unjust harm perpetrated by [defendant] providing care and treatment that is medically (and) statutorily) required.").

Finally, based upon the show the Plaintiffs have made regarding the merits of this case, this Court should conclude that the public interest favors interim enforcement of the EPSDT mandate, the Medicaid Act and the integration mandate of the ADA and Rehabilitation Act.

### V.  CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that this Court enter the following relief:

a.    Enter a Preliminary Injunction ordering the Defendant Ryan Moran to take immediate and affirmative steps to arrange directly or through  referral to appropriate agencies, organizations, or individuals, corrective treatment of Private Duty Nursing (PDN) services and Personal Care (PC) services to the Plaintiffs and Class at the level approved by the Defendant, as required by the Medicaid Act, the Americans with Disabilities Act, and the Rehabilitation Act, pending final judgment in this action or until further order of Court.

b.    For those Plaintiffs and Class who are approved for PDN services and are not receiving these services at the level approved by the Defendant, the parents of the Plaintiff and Class shall be paid by the Defendant for providing PC

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 15**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

services.  PC hours provided will be deducted from the approved PDN hours, until PDN services are secured for the Plaintiffs and Class at the approved PDN level.

c.      For those Plaintiffs and Class who are approved for PC services and not PDN services and are not receiving PC services at the level approved by the Defendant, the parents of the Plaintiff and Class shall be paid by the Defendant for providing PC services, until PC services are secured for the Plaintiffs and Class at the approved PC level.

d.      That the Defendant shall provide to the Plaintiffs within 30 days and every 30 days thereafter, the following: (1) what steps have been undertaken by the Defendant to arrange for the delivery of PDN and PC services to the Plaintiffs and Class; and (2) an identifying list of the putative Class members which contains their current approved level of PDN and PC services; and how much of their PDN and PC services is actually being used or delivered to the Class members during the preceding 90 days.

e.      That this Court appointed a master pursuant to FRCP to monitor Defendant's compliance with this Preliminary Injunction.

f.      That this Court waive or excuse the filing of any security or bond by the Plaintiffs and Class.

g.      Award such other relief as the Court deems just and appropriate.

**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION - 16**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

DATED this 9th day of February, 2026.

ALBERT LAW PLLC

By: _____
Gregory Albert, WSBA No.: 42673
3131 Western Ave., Suite 410
Seattle, WA 98121
Telephone: (206)-576-8044
Email: greg@albertlawpllc.com
*Attorney for Plaintiffs*


Robert H. Farley, Jr.
Robert H. Farley, Jr., Ltd.
1155 S. Washington Street
Naperville, IL 60540
Telephone: (630) 369-0103
E-mail: farleylaw@aol.com

**PLAINTIFFS' MOTION FOR PRELIMINARY
INJUNCTION - 17**

ALBERT LAW PLLC
3131 Western Avenue, Suite 410
Seattle, WA 98121
Phone: (206) 576-8044

## VERIFICATION

I, Erica Driggers, mother and next friend of C.F., being first duly sworn upon oath and under penalties of perjury, do hereby state that the statements contained in the attached Complaint for Declaratory and Injunctive Relief and the attached Plaintiffs' Motion for Preliminary Injunction are true and correct to the best of my knowledge and belief.

Erica Driggers

1/11/2026
Date

18

## VERIFICATION

I, Desiree Presnell, mother and next friend of both W.M. and W.J., being first duly sworn upon oath and under penalties of perjury, do hereby state that the statements contained in the attached Complaint for Declaratory and Injunctive Relief and the attached Plaintiffs' Motion for Preliminary Injunction are true and correct to the best of my knowledge and belief.

Desiree Presnell

01/09/2026
Date

19

## VERIFICATION

I, Lindsey Topping-Schuetz, mother and next friend of O.S., being first duly sworn upon oath and under penalties of perjury, do hereby state that the statements contained in the attached Complaint for Declaratory and Injunctive Relief and the attached Plaintiffs' Motion for Preliminary Injunction are true and correct to the best of my knowledge and belief.

_Lindsey Topping-Schuetz_
Lindsey Topping-Scheutz

1.9.26
Date

20

## VERIFICATION

I, Jessica Morrow, mother and next friend of J.P., being first duly sworn upon oath and under penalties of perjury, do hereby state that the statements contained in the attached Complaint for Declaratory and Injunctive Relief and the attached Plaintiffs' Motion for Preliminary Injunction are true and correct to the best of my knowledge and belief.

Jessica Morrow
Jessica Morrow


01/09/26
Date
