The Honorable Tiffany M. Cartwright

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

C.F. by and through his parent, ERICA DRIGGERS, W.M. by and through his parent, DESIREE PRESNELL, O.S. by and through his parent, LINDSEY TOPPING-SCHUETZ, J.P. by and through his parent, JESSICA MORROW, W.J. by and through his parent, DESIREE PRESNELL, individually and on behalf of a class,

Plaintiffs,

v.

RYAN MORAN, in his official capacity as Director of the Washington State Health Care Authority,

Defendant.

NO.  3:26-cv-05095-TMC

DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF ON BEHALF OF PURPORTED FED. R. CIV. P. 23 CLASS

The Defendant, Ryan Moran, in his official capacity as Director of the Washington State Health Care Authority (HCA), submits this Answer to the Complaint for Declaratory and Injunctive Relief on Behalf of Purported Fed. R. Civ. P. 23 Class (Complaint) (Dkt. No 1), which the Plaintiffs filed and served on February 3, 2026.

DEFENDANT'S ANSWER TO COMPLAINT
NO.  3:26-CV-05095

1

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

## I.    INTRODUCTION

1.    The entirety of paragraph 1 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, the Defendant denies.

2.    Defendant denies the allegations in sentences 1, 3, and 4 of paragraph 2. Regarding sentence 2 of paragraph 2, Defendant asserts that the order speaks for itself and is the best evidence of its requirements.

3.    The entirety of paragraph 3 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, the Defendant denies.

4.    The entirety of paragraph 4 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, the Defendant denies.

5.    The entirety of paragraph 5 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, the Defendant denies.

6.    The entirety of paragraph 6 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, the Defendant denies.

7.    The entirety of paragraph 7 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, the Defendant denies.

## II.    PARTIES

Defendant incorporates by reference all previous answers given.

8.    Defendant lacks sufficient knowledge or information to admit or deny each and every allegation in paragraph 8 and therefore denies the same.

9.    Defendant lacks sufficient knowledge or information to admit or deny each and every allegation in paragraph 9 and therefore denies the same.

10.    Defendant lacks sufficient knowledge or information to admit or deny each and every allegation in paragraph 10 and therefore denies the same.

11.    Defendant lacks sufficient knowledge or information to admit or deny each and every allegation in paragraph 11 and therefore denies the same.

DEFENDANT'S ANSWER TO COMPLAINT
NO.  3:26-CV-05095

2

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

12.    Defendant lacks sufficient knowledge or information to admit or deny each and every allegation in paragraph 12 and therefore denies the same.

13.    With respect paragraph 13, Defendant admits that he is the Director of the Washington State Health Care Authority. The remainder of the paragraph contains characterizations of the case to which an answer is not required, but to the extent an answer is deemed required, the Defendant denies.

## III.    JURISDICTION AND VENUE

14.     The entirety of paragraph 14 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, the Defendant denies.

15.    With respect paragraph 15, Defendant admits that he performs at least some of his official duties in the Western District of Washington. The remainder of the paragraph contains characterizations of the case to which an answer is not required, but to the extent an answer is deemed required, the Defendant denies.

## IV.    STATEMENT OF FACTS

a.    **Legal Framework**

   i.    **Medicaid Act and Implementing Regulations**

16.    Defendant admits the allegations in the first sentence of paragraph 16. With respect to the second sentence, Defendant asserts that the statute (Section 1901 of the Social Security Act, 42 U.S.C. § 1396) is the best evidence of its obligations and speaks for itself.

17.    The entirety of paragraph 17 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, the Defendant denies.

18.    With respect to paragraph 18, Defendant admits that Medicaid is administered at the federal level by the Centers for Medicare and Medicaid Services (CMS). The remainder of paragraph 18 contains legal assertions to which an answer is not required, but to the extent an answer is deemed required, Defendant asserts that the federal statutes and regulations speak for themselves and are the best evidence of their requirements.

19.    With respect to paragraph 19, Defendant admits that a state's participation in the Medicaid program is voluntary and that the state receives federal financial participation for allowable expenditures. Defendant denies any other allegations in paragraph 19.

20.    Defendant admits the allegations in paragraph 20, with the clarification that the statute and regulation are the best evidence of their obligations and speak for themselves.

21.    Defendant admits the allegations in paragraph 21.

22.    The entirety of paragraph 22 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant asserts that the federal statutes speak for themselves and are the best evidence of their requirements.

23.    The entirety of paragraph 23 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant asserts that the federal statutes speak for themselves and are the best evidence of their requirements.

24.    The entirety of paragraph 24 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant asserts that the federal statutes speak for themselves and are the best evidence of their requirements.

25.    The entirety of paragraph 25 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant asserts that the federal statutes speak for themselves and are the best evidence of their requirements.

26.    The entirety of paragraph 26 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant asserts that the federal statutes speak for themselves and are the best evidence of their requirements.

27.    The entirety of paragraph 27 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant asserts that the federal statutes speak for themselves and are the best evidence of their requirements.

//

//

DEFENDANT'S ANSWER TO COMPLAINT
NO.  3:26-CV-05095

4

**ii.     The Washington Medicaid Program**

28.     Defendant admits the allegations in paragraph 28 that HCA is the single state agency for the Medicaid program in Washington. The remainder of paragraph 28 contains legal assertions to which an answer is not required, but to the extent an answer is deemed required, Defendant asserts that the state statute speaks for itself and is the best evidence of its requirements.

29.     The entirety of paragraph 29 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant asserts that the federal statute speaks for itself and is the best evidence of its requirements.

**iii.     The Americans with Disabilities Act (ADA) and Implementing Regulations**

30.     The entirety of paragraph 30 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant asserts that the federal statute speaks for itself and is the best evidence of its requirements.

31.     The entirety of paragraph 31 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant asserts that the federal regulation speaks for itself and is the best evidence of its requirements.

**iv.     Section 504 of the Rehabilitation Act and Implementing Regulations**

32.     The entirety of paragraph 32 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant asserts that the federal statutes and regulation speak for themselves and are the best evidence of their requirements.

**b.     Washington Application of Legal Framework**

**i.     EPSDT Mandate**

33.     The entirety of paragraph 33 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant asserts that the federal statute speaks for itself and is the best evidence of its requirements.

DEFENDANT'S ANSWER TO COMPLAINT
NO.  3:26-CV-05095

5

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

34. The entirety of paragraph 34 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant asserts that the federal statute speaks for itself and is the best evidence of its requirements.

**ii.     Washington State's Medicaid Plan Purportedly Provides Private Duty Nursing to Children 17 Years of Age and Younger**

35. Defendant admits the allegations in paragraph 35, with the clarification that the State Plan does not "provide" private duty nursing services but includes such services as covered under Medicaid.

36. The entirety of paragraph 36 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, the Defendant denies.

37. The entirety of paragraph 37 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, the Defendant denies.

**iii.    Washington State Provides Private Duty Nursing to Persons 18 Years of Age and Over**

38. The entirety of paragraph 38 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, the Defendant denies.

**iv.     Washington State Provides Private Duty Nursing to Children and Adults in Medicaid Waiver Programs**

39. Defendant denies the allegations in paragraph 39.

**v.      Unavailability of Private Duty Nursing in Washington State**

40. The entirety of paragraph 40 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

41. The entirety of paragraph 41 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

42. The entirety of paragraph 42 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

DEFENDANT'S ANSWER TO
COMPLAINT
NO.  3:26-CV-05095

6

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

**c.     Defendant's Administration of Personal Care (PC) Services in the Community First Choice (CFC) Program**

43.     With respect to paragraph 43, Defendant admits that the State's Medicaid program includes the Community First Choice option. The remainder of the paragraph contains characterizations of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

44.     Defendant admits the allegations in paragraph 44.

45.     Defendant admits the allegations in paragraph 45.

46.     The entirety of paragraph 46 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

47.     Paragraph 47 contains assertions about the activity of the Washington State Legislature and the contents of a report created by the Department of Social and Health Services (DSHS), to which Defendant admits only that the legislative history and the report speak for themselves and are the best evidence of its contents. Defendant denies any remaining allegations.

48.     Paragraph 48 contains assertions about the contents of a report created by DSHS to which Defendant admits only that the report speaks for itself and is the best evidence of its contents. Defendant denies any remaining allegations.

49.     The entirety of paragraph 49 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

50.     Paragraph 50 contains assertions about the contents of a report created by DSHS, to which Defendant admits only that the report speaks for itself and is the best evidence of its contents. Defendant denies any remaining allegations.

51.     Paragraph 51 contains assertions about the contents of a report created by DSHS, to which Defendant admits only that the report speaks for itself and is the best evidence of its contents. Defendant denies any remaining allegations.

DEFENDANT'S ANSWER TO
COMPLAINT
NO.  3:26-CV-05095

7

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

52.     The entirety of paragraph 52 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

53.     Defendant denies the allegations in the first sentence of paragraph 53. Defendant admits the allegations in the second sentence of paragraph 53.

**d.      Plaintiff C.F.**

54.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 54 and therefore denies the same.

55.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 55 and therefore denies the same.

56.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 56 and therefore denies the same.

57.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 57 and therefore denies the same.

58.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 58 and therefore denies the same.

59.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 59 and therefore denies the same.

60.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 60 and therefore denies the same.

61.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 61 and therefore denies the same.

62.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 62 and therefore denies the same.

63.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 63 and therefore denies the same.

DEFENDANT'S ANSWER TO COMPLAINT
NO.  3:26-CV-05095

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

64.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 64 and therefore denies the same.

65.     The entirety of paragraph 65 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

66.     The entirety of paragraph 66 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

67.     The entirety of paragraph 67 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant asserts that the federal statutes speak for themselves and are the best evidence of their requirements.

68.     The entirety of paragraph 68 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant asserts that the federal statutes speak for themselves and are the best evidence of their requirements.

69.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 69 and therefore denies the same.

**e.     Plaintiff W.M.**

70.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 70 and therefore denies the same.

71.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 71 and therefore denies the same.

72.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 72 and therefore denies the same.

73.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in sentence 1 of paragraph 73 and therefore denies the same. Defendant denies the allegations in sentence 2 of paragraph 73.

74.     Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 74 and therefore denies the same.

DEFENDANT'S ANSWER TO
COMPLAINT
NO.  3:26-CV-05095

9

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

75. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 75 and therefore denies the same.

76. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 76 and therefore denies the same.

77. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 77 and therefore denies the same.

78. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 78 and therefore denies the same.

79. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 79 and therefore denies the same.

80. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 80 and therefore denies the same.

81. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 81 and therefore denies the same.

82. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 82 and therefore denies the same.

83. The entirety of paragraph 83 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

84. The entirety of paragraph 84 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies paragraph 84.

85. The entirety of paragraph 85 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies paragraph 85.

86. The entirety of paragraph 86 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies paragraph 86.

87. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 87 and therefore denies the same.

DEFENDANT'S ANSWER TO COMPLAINT
NO. 3:26-CV-05095

10

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

**f.    Plaintiff O.S.**

88.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 88 and therefore denies the same.

89.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 89 and therefore denies the same.

90.    Defendant denies the allegations in paragraph 90.

91.    Defendant denies the allegations paragraph 91.

92.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 92 and therefore denies the same.

93.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 93 and therefore denies the same.

94.    Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 94 and therefore denies the same.

95.    Defendant is without sufficient information or knowledge to admit or deny each and every allegation in paragraph 95.

96.    Defendant is without sufficient information or knowledge to admit or deny each and every allegation in paragraph 96.

97.    Defendant is without sufficient information or knowledge to admit or deny each and every allegation in paragraph 97.

98.    The entirety of paragraph 98 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, the Defendant denies.

99.    The entirety of paragraph 99 contains legal assertions to which no response is required.

100.    The entirety of paragraph 100 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies paragraph 100.

DEFENDANT'S ANSWER TO
COMPLAINT
NO.  3:26-CV-05095

11

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

101.   The entirety of paragraph 101 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies paragraph 101.

102.   Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 102 and therefore denies the same.

**g.   Plaintiff J.P.**

103.   Defendant is without sufficient information or knowledge to admit or deny each and every allegation in paragraph 103.

104.   Defendant is without sufficient information or knowledge to admit or deny each and every allegation in paragraph 104.

105.   Defendant is without sufficient information or knowledge to admit or deny each and every allegation in paragraph 105.

106.   Defendant denies the allegations in paragraph 106.

107.   Defendant is without sufficient information or knowledge to admit or deny each and every allegation in paragraph 107.

108.   Defendant is without sufficient information or knowledge to admit or deny each and every allegation in paragraph 108.

109.   Defendant is without sufficient information or knowledge to admit or deny each and every allegation in paragraph 109.

110.   Defendant is without sufficient information or knowledge to admit or deny each and every allegation in paragraph 110.

111.   The entirety of paragraph 111 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies paragraph 111.

112.   The entirety of paragraph 112 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies paragraph 112.

113.   The entirety of paragraph 113 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies paragraph 113.

DEFENDANT'S ANSWER TO
COMPLAINT
NO.  3:26-CV-05095

12

114.   The entirety of paragraph 114 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies paragraph 114.

115.   The entirety of paragraph 115 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies paragraph 115.

116.   Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations set forth in paragraph 116 and therefore denies the same.

**h.   Plaintiff W.J.**

117.   Defendant is without sufficient information or knowledge to admit or deny each and every allegation in paragraph 117.

118.   Defendant is without sufficient information or knowledge to admit or deny each and every allegation in paragraph 118.

119.   Defendant denies the allegations in paragraph 119.

120.   Defendant is without sufficient information or knowledge to admit or deny each and every allegation in paragraph 120.

121.   The entirety of paragraph 121 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies paragraph 121.

122.   The entirety of paragraph 122 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies paragraph 122.

123.   The entirety of paragraph 123 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies paragraph 123.

124.   The entirety of paragraph 124 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies paragraph 124.

125.   The entirety of paragraph 125 contains legal assertions to which no response is required. To the extent a response is required, Defendant denies paragraph 125.

126.   Defendant is without sufficient information or knowledge to admit or deny each and every allegation in paragraph 126.

DEFENDANT'S ANSWER TO COMPLAINT
NO.  3:26-CV-05095

13

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

## V.    CLASS ALLEGATION

127.    Paragraph 127 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

128.    Paragraph 128 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

129.    Paragraph 129 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

130.    Paragraph 130 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

131.    Paragraph 131 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

132.    Paragraph 132 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

133.    Paragraph 133 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

134.    Paragraph 134 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

135.    Paragraph 135 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

136.    Paragraph 136 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

137.    The entirety of paragraph 137 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

/ /

/ /

/ /

DEFENDANT'S ANSWER TO COMPLAINT
NO.  3:26-CV-05095

14

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

## VI.   LEGAL ALLEGATIONS

## COUNT I

a.   **Violation of the Federal Medicaid Act's Early and periodic Screening, Diagnostic and Treatment (EPSDT) Mandate**

138.   Defendant incorporates by reference all previous answers given.

139.   The entirety of paragraph 139 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

140.   The entirety of paragraph 140 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

141.   The entirety of paragraph 141 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

## COUNT II

b.   **Violation of the Federal Medicaid Act's Reasonable Promptness Requirement**

142.   Defendant incorporates by reference all previous answers given.

143.   Paragraph 143 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

144.   The entirety of paragraph 144 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

145.   The entirety of paragraph 145 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

146.   The entirety of paragraph 146 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

## COUNT III

c.   **Violation of the Americans with Disabilities Act (ADA)**

147.   Defendant incorporates by reference all previous answers given.

DEFENDANT'S ANSWER TO
COMPLAINT
NO.  3:26-CV-05095

15

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

148.    The entirety of paragraph 148 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant asserts that the federal statutes and regulations speak for themselves and are the best evidence of their requirements.

149.    The entirety of paragraph 149 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

150.    The entirety of paragraph 150 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

151.    The entirety of paragraph 151 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

152.    The entirety of paragraph 152 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

153.    The entirety of paragraph 153 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

154.    The entirety of paragraph 154 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

155.    The entirety of paragraph 155 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

156.    The entirety of paragraph 156 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

157.    The entirety of paragraph 157 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

## COUNT IV

d.    **Violation of the Rehabilitation Act and 42 U.S.C. Section 1983**

158.    Defendant incorporates by reference all previous answers given.

/ /

/ /

DEFENDANT'S ANSWER TO COMPLAINT
NO.  3:26-CV-05095

16

159.    The entirety of paragraph 159 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant asserts that the federal statutes and regulations speak for themselves and are the best evidence of their requirements.

160.    Paragraph 160 contains a characterization of the case to which an answer is not required, but to the extent an answer is deemed required, Defendant denies.

161.    The entirety of paragraph 161 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

162.    The entirety of paragraph 162 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

163.    The entirety of paragraph 163 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

164.    The entirety of paragraph 164 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

165.    The entirety of paragraph 165 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

166.    The entirety of paragraph 166 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

167.    The entirety of paragraph 167 contains legal assertions to which no response is required, but to the extent an answer is deemed required, Defendant denies.

## VII.    REQUEST FOR RELIEF

The remainder of the Complaint constitutes the Plaintiffs' demand for relief, to which no answer is required, but to the extent an answer is deemed required, Defendant denies.

## VIII.    AFFIRMATIVE DEFENSES

1.    By way of FURTHER ANSWER and FIRST AFFIRMATIVE DEFENSE, the plaintiffs advocate for the Defendant to spend money without sufficient appropriations, in violation of RCW 43.88.070, RCW 43.88.130, and RCW 43.135.

DEFENDANT'S ANSWER TO
COMPLAINT
NO.  3:26-CV-05095

17

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

2. By way of FURTHER ANSWER and SECOND AFFIRMATIVE DEFENSE, the alleged harm, if any, was caused or contributed to by the actions of the plaintiffs.

3. By way of FURTHER ANSWER and THIRD AFFIRMATIVE DEFENSE, the alleged harm, if any, arises out of conditions of which the plaintiffs had knowledge and to which they voluntarily subjected themselves.

4. By way of FURTHER ANSWER and FOURTH AFFIRMATIVE DEFENSE, all actions alleged by the plaintiffs as wrongful manifest a reasonable exercise of judgment and discretion by authorized public officials, such actions were made in the exercise of governmental authority entrusted to the Defendant by law, are not wrongful or actionable, and the Defendant in his official capacity is entitled to discretionary immunity.

5. By way of FURTHER ANSWER and FIFTH AFFIRMATIVE DEFENSE, the plaintiffs have failed to state a claim upon which relief may be granted.

6. By way of FURTHER ANSWER and SIXTH AFFIRMATIVE DEFENSE, the plaintiffs lack standing and/or capacity to bring some or all of the claims.

7. By way of FURTHER ANSWER and SEVENTH AFFIRMATIVE DEFENSE, if the plaintiffs suffered any harm, recovery therefore is barred by their failure to mitigate said harm.

8. By way of FURTHER ANSWER and EIGHTH AFFIRMATIVE DEFENSE, to the extent the plaintiffs seek to make any claims under 42 U.S.C. § 1983 against the Defendant, all such claims under § 1983 are barred by the doctrine of qualified immunity.

9. By way of FURTHER ANSWER and NINTH AFFIRMATIVE DEFENSE, the plaintiffs should be estopped from pursuing any recovery against the Defendant.

10. By way of FURTHER ANSWER and TENTH AFFIRMATIVE DEFENSE, attorneys' fees are not justified. If the plaintiffs sustained any harm as a result of conduct by the Defendant, such conduct was reasonable and justifiable under the circumstances.

DEFENDANT'S ANSWER TO COMPLAINT NO.  3:26-CV-05095

18

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

The Defendant reserves the right to amend this Answer, including amendment to assert additional affirmative defenses.

The Complaint should be dismissed with prejudice. The Defendant is entitled to costs and reasonable attorney fees.

RESPECTFULLY SUBMITTED this 24th day of February, 2026.

NICHOLAS W. BROWN
Attorney General


*s/ Nissa Iversen*
NISSA IVERSEN, WSBA No. 46708
Assistant Attorney General
WILLIAM T. STEPHENS, WSBA No. 24254
Senior Counsel
Office of the Attorney General
7141 Cleanwater Drive SW
PO Box 40124
Olympia, WA  98504-0124
Telephone:  (360) 586-6565
E-mail:        nissa.iversen@atg.wa.gov
                   bill.stephens@atg.wa.gov

*Attorneys for Defendant Ryan Moran*

DEFENDANT'S ANSWER TO COMPLAINT
NO.  3:26-CV-05095

19

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565

## CERTIFICATE OF SERVICE

I certify that on the date indicated below, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

Gregory Albert, WSBA #42673
3131 Western Ave., Suite 410
Seattle, WA 98121
Telephone:  (206)-576-8044
Email: greg@albertlawpllc.com
*Attorney for Plaintiffs*

Robert H. Farley, Jr., Ltd.
Robert H. Farley Jr.
1155 S. Washington Street
Naperville, IL 60540
Telephone: (630) 369-0103
E-mail: farleylaw@aol.com
*Attorney for Plaintiffs*

I certify under the penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

EXECUTED this 24th day of February, 2026, at Olympia, Washington.

*s/ Nissa Iversen*
Nissa Iversen, AAG

DEFENDANT'S ANSWER TO
COMPLAINT
NO.  3:26-CV-05095

20

ATTORNEY GENERAL OF WASHINGTON
7141 Cleanwater Dr SW
PO Box 40124
Olympia, WA 98504-0124
360-586-6565