UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| C.F. et al,<br><br>                    Plaintiffs,<br><br>        v.<br><br>Ryan Moran,<br><br>                    Defendant. | Case No. 3:26-cv-05095-TMC<br><br>ORDER DENYING PLAINTIFFS'<br>MOTION FOR CLASS CERTIFICATION |

## I.    INTRODUCTION

Plaintiffs are five Washington children with complex health needs who qualify for services from the Washington State Health Care Authority. They allege that Defendant Ryan Moran, the Director of the Washington State Health Care Authority, has failed to provide their approved Private Duty Nursing ("PDN") and Personal Care ("PC") services in violation of the Medicaid Act, the Americans with Disabilities Act, and the Rehabilitation Act. Plaintiffs now ask the Court to certify two classes of Washington children who are approved for but not receiving adequate PDN and PC services, respectively. Dkt. 8.

For the following reasons, the Court concludes that Plaintiffs have not satisfied the class certification requirements of Federal Rule of Civil Procedure 23. The Court therefore DENIES the motion for class certification (Dkt. 8).

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION - 1

## II.    BACKGROUND

### A.    Facts

Plaintiffs are children between the ages of three and sixteen with unique and complex health needs. Dkt. 10 ¶¶ 2–5; Dkt. 11 ¶¶ 2–3; Dkt. 12 ¶¶ 2–4; Dkt. 13 ¶¶ 2–3; Dkt. 17 ¶¶ 2–4. Plaintiffs C.F., W.M., and O.S. have been approved for PDN services but are not receiving those services at the hours approved. Dkt. 1 ¶ 4; Dkt. 10 ¶ 6; Dkt. 12 ¶ 5; Dkt. 17 ¶¶ 5–6. Plaintiffs J.P. and W.J. have been approved for PC services but are not receiving those services at the hours approved. Dkt. 1 ¶ 5; Dkt. 11 ¶ 4; Dkt. 13 ¶ 6. Plaintiffs assert that it is medically necessary for them to receive these services and that they face potential institutionalization if they do not receive them. Dkt. 10 ¶¶ 9, 11; Dkt. 11 ¶¶ 5–6; Dkt. 12 ¶¶ 6–10; Dkt. 13 ¶¶ 9–11; Dkt. 14 ¶ 5; Dkt. 15 ¶¶ 7–9; Dkt. 16 ¶¶ 6–8; Dkt. 17 ¶¶ 10–11.

### B.    Procedural history

On February 2, 2026, Plaintiffs filed a putative class complaint against Defendant for failure to provide their approved services. Dkt. 1. One week later, Plaintiffs moved for class certification. Dkt. 8. Plaintiffs seek to certify two classes. The first class (the "proposed PDN class") would consist of "[a]ll Medicaid-enrolled children under the age of 21 in the State of Washington who have been approved for Private Duty Nursing (PDN) services by the Defendant, but who are not receiving Private Duty Nursing services at the level approved by the Defendant." Dkt. 59 at 2. The second class (the "proposed PC class") would consist of "[a]ll Medicaid-enrolled children under the age of 21 in the State of Washington who have been approved for Personal Care (PC) services by the Defendant, but who are not receiving Personal Care services at the level approved by the Defendant." *Id.* Plaintiffs allege that Defendant maintains an inadequate number of private duty nurses and seek payment for parents who

provide PC services to their children due to the unavailability of professional services. Dkt. 1 ¶¶ 40–51; *see* Dkt. 18 at 15–16.

The motion for class certification is now fully briefed and ripe for the Court's review. Dkts. 35, 59.

### III.    LEGAL STANDARD

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki,* 442 U.S. 682, 700–01 (1979)). To justify a departure from that rule, "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id.* at 348–49 (quoting *E. Tex. Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395, 403 (1977)).

Federal Rule of Civil Procedure 23 is designed to protect the interests of those class members. *Id.* at 345. Rule 23(a) "ensures that the named plaintiffs are appropriate representatives of the class whose claims they wish to litigate." *Id.* at 349. Under Rule 23(a), the party seeking certification must show that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." *Mansor v. U.S. Citizenship & Immigr. Servs.*, 345 F.R.D. 193, 202–03 (W.D. Wash. 2023) (quoting Fed. R. Civ. P. 23(a)). "The Rule's four requirements—numerosity, commonality, typicality, and adequate representation—'effectively limit the class claims to those fairly encompassed by the named plaintiff's claims.'" *Dukes*, 564 U.S. at 349 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)).

If a proposed class satisfies Rule 23(a), the class must then also meet "at least one of the three requirements listed in Rule 23(b)." *Id.* at 345; *see Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 512 (9th Cir. 2013). Plaintiffs seek to certify a class under Rule 23(b)(2), which demands that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 564 U.S. at 360.

The Court's examination of these requirements is not cursory. Rule 23 "does not set forth a mere pleading standard." *Id.* at 350. Rather, "certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Id.* at 350–51 (internal quotation marks omitted) (quoting *Falcon*, 457 U.S. at 161). "[I]t may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Falcon*, 457 U.S. at 160. This is because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Id.* (internal quotation marks omitted) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 463 (1978)).

"'[P]laintiffs wishing to proceed through a class action must actually *prove*—not simply plead—that their proposed class satisfies each requirement of Rule 23 . . .' and must carry their burden of proof 'before class certification.'" *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664 (9th Cir. 2022) (en banc) (quoting *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275–76 (2014)). Plaintiffs must "prove the facts necessary to carry the burden of establishing that the prerequisites of Rule 23 are satisfied by a preponderance of the evidence" through any admissible evidence. *Id.* at 665.

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION - 4

## IV.    DISCUSSION

### A.    Plaintiffs have not satisfied the requirements of Rule 23(a).

The Court addresses each of the four Rule 23(a) factors in turn. While Plaintiffs have satisfied the numerosity and adequacy requirements of Rule 23(a), they have failed to establish commonality and typicality.[1]

### 1.    Numerosity

The first requirement of Rule 23(a) is numerosity. Numerosity is satisfied if "the class is so large that joinder of all members is impracticable." *Mansor*, 345 F.R.D. at 203 (W.D. Wash. 2023) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)). "The numerosity requirement requires the examination of the specific facts of each case, though 'in general, courts find the numerosity requirement satisfied when a class includes at least 40 members.'" *Wagafe v. Trump*, No. C17-0094-RAJ, 2017 WL 2671254, at *12 (W.D. Wash. June 21, 2017) (quoting *Rannis v. Recchia*, 380 Fed. App'x 646, 651 (9th Cir. 2010)).

Plaintiffs allege that there are approximately 100 children in the proposed PDN class and 4,700 children in the proposed PC class. Dkt. 1 ¶ 128. Defendant argued in his opposition brief that Plaintiffs have not submitted sufficient evidence to establish numerosity, Dkt. 35 at 11–12, but he has since stipulated that Plaintiffs have satisfied the numerosity requirement. *See* Dkt. 56 at 17. The Court thus finds that this requirement has been satisfied.

---

[1] Plaintiffs originally proposed classes that would include children approved for PDN and PC services both now and in the future. *See* Dkt. 8 at 2–3. Defendant argued that these proposed classes were not ascertainable because they were "imprecise and not clearly defined." Dkt. 35 at 9–10. Because Plaintiffs have since modified the proposed class definitions, and the Court concludes that the new definitions do not meet the requirements of Rule 23, the Court does not address Defendant's argument that the proposed classes are not ascertainable.

2.    *Commonality*

The second Rule 23(a) requirement is commonality. This prong "requir[es] a plaintiff to show that 'there are questions of law or fact common to the class.'" *Dukes*, 564 U.S. at 349 (quoting Fed. R. Civ. P 23(a)(2)). The proposed class's claims must "depend upon a common contention[.]" *Id.* And the common contention "must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* Accordingly, "[w]hat matters to class certification . . . is not the raising of common questions—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Id.* at 350 (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009)).

The commonality requirement is "construed permissively." *Hanlon*, 150 F.3d at 1019. Thus, "[a]ll questions of fact and law need not be common to satisfy the rule." *Id.*; *see also Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1029 (9th Cir. 2012) ("Where the circumstances of each particular class member vary but retain a common core of factual or legal issues with the rest of the class, commonality exists."). Rather, the "standard is 'readily met' where plaintiffs seek prospective relief 'challeng[ing] a system-wide practice or policy that affects all of the putative class members.'" *Mansor*, 345 F.R.D. at 204 (alteration in original) (quoting *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504–05 (2005)).

Plaintiffs argue that they have raised common questions of law and fact related to Defendant's alleged failure to furnish their approved services in violation of the Medicaid Act, the ADA, and the Rehabilitation Act. Dkt. 8 at 8–10. They point to the inadequate service hours they have received and Defendant's staffing shortage of paid caregivers. Dkt. 59 at 4–5; *see*

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION - 6

Dkt. 10 ¶ 6; Dkt. 11 ¶ 4; Dkt. 12 ¶ 5; Dkt. 13 ¶ 6; Dkt. 17 ¶¶ 5–6; Dkt. 60 at 11. Defendant responds that Plaintiffs have failed to identify a "systemic failure" related to the provision of PDN and PC services and that relief for a particular child requires a fact-bound inquiry into that child's individual circumstances. Dkt. 35 at 12–17.

The Court agrees with Defendant. Although Plaintiffs argue that the provision of PDN and PC services is generally inadequate, they do not point to a "system-wide practice or policy," *Mansor*, 345 F.R.D. at 204, that forms the basis for their injury. And as Defendant points out in supporting declarations, each individual Plaintiff's lack of adequate services could be due to a multiplicity of factors, including regional availability of nurses, scheduling conflicts, family decisions, and negative interactions between parents and paid caregivers. *See, e.g.*, Dkt. 40 at 7–9; Dkt. 41 at 49–50; Dkt. 42 at 7, 46–47; Dkt. 43 at 2; Dkt. 44 at 12; Dkt. 45 at 4–5, 24; Dkt. 46 at 3–22; Dkt. 47 at 3. While Plaintiffs dispute Defendant's characterization of these circumstances, *see* Dkts. 61–62, 68, this simply demonstrates the individual factual questions surrounding each Plaintiff's claims.

Plaintiffs point to three cases where courts found the commonality requirement satisfied for similarly defined classes. Dkt. 8 at 5, 9; *see I.N. ex rel Zarinah F. v. Kent*, No. C 18-03099 WHA, 2019 WL 1516785, at *2 (N.D. Cal. Apr. 7, 2019); *M.G. ex rel Garcia v. Armijo*, No. 1:22-CV-00325-MIS-DLM, 2023 WL 8602960, at *12–13 (D.N.M. Dec. 12, 2023), *amended on denial of reconsideration*, No. 1:22-CV-00325-MIS-DLM, 2024 WL 810370 (D.N.M. Feb. 27, 2024), *and on reconsideration*, No. 1:22-CV-00325-MIS-DLM, 2024 WL 4063551 (D.N.M. Sept. 5, 2024), *and amended*, No. 1:22-CV-00325-MIS-DLM, 2024 WL 4120263 (D.N.M. Sept. 9, 2024); *O.B. v. Norwood*, No. 15 C 10463, 2016 WL 2866132, at *4 (N.D. Ill. May 17, 2016). But in each of those cases, the plaintiffs identified a failure by a state agency to arrange for required services. *See Kent*, 2019 WL 1516785, at *2; *Armijo*, 2023 WL 8602960, at *18 (noting

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION - 7

the state agency's failure to enforce contracts with managed care organizations); *Norwood*, 2016 WL 2866132, at *1. While Plaintiffs make similar allegations here, *see* Dkt. 1 ¶¶ 6–7, Defendant has presented evidence that the state agency and other stakeholders did work with Plaintiffs' families to arrange for care, and the inadequacy of care is due at least in part to other factors. *See, e.g.*, Dkt. 40 at 7–9; Dkt. 41 at 49–50; Dkt. 42 at 7, 46–47; Dkt. 43 at 2; Dkt. 44 at 12; Dkt. 45 at 4–5, 24; Dkt. 46 at 3–22; Dkt. 47 at 3. In light of this evidence, Plaintiffs have not met their burden to establish that a class-wide proceeding could produce common answers sufficient to resolve this litigation for each member of the potential classes. The Court thus concludes that Plaintiffs have failed to satisfy the commonality requirement of Rule 23(a).

3.      *Typicality*

The third requirement of Rule 23(a) is typicality. "The claims of the representative party must be typical of the class claims." *Gonzalez v. U.S. Immigr. & Customs Enf't*, 975 F.3d 788, 809 (9th Cir. 2020) (citing Fed. R. Civ. P. 23(a)(3)). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "The test of typicality is 'whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)).

"Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Id.* (quoting *Weinberger v. Thornton*, 114 F.R.D. 599, 603 (S.D. Cal. 1986)). Typicality is a "permissive standard," *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (quotation omitted), but class certification is inappropriate where "there is a danger that absent class members will suffer if their

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION - 8

representative is preoccupied with defenses unique to it." *Rosenberg v. CCS Com., LLC*, No. C17-476 MJP, 2018 WL 3105988, at *6 (W.D. Wash. June 25, 2018) (quoting *Hanon*, 976 F.2d at 508).

Unsurprisingly, "[t]he commonality and typicality requirements of Rule 23(a) tend to merge." *Falcon*, 457 U.S. at 157 n.13. "Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Id.*

Pointing to the same cases discussed regarding commonality, Plaintiffs argue that their claims are typical of both classes because "Plaintiffs and Class members are qualified persons with disabilities under the ADA and Section 504 of the Rehabilitation Act and are entitled to medically necessary private duty nursing services and personal care services." Dkt. 8 at 10–12. For the reasons stated in the discussion of commonality above, Plaintiffs have also failed to satisfy the typicality requirement of Rule 23(a). Defendant has persuasively shown that the inadequate provision of services to each of the Plaintiffs here may be due in part to unique conduct and circumstances. *See* Dkt. 35 at 19–21. In light of this factual variance, there is a danger that the representation of absent class members will be "preoccupied with defenses unique to" these Plaintiffs. *Rosenberg*, 2018 WL 3105988, at *6 (quoting *Hanon*, 976 F.2d at 508).

4.    *Adequacy*

The final requirement of Rule 23(a) is adequacy, meaning that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This inquiry depends on two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute

the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020 (citing *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978)). The named plaintiffs and their counsel must have "sufficient 'zeal and competence' to protect the interests of the rest of the class." *Doe v. Wolf*, 424 F. Supp. 3d 1028, 1043 (S.D. Cal. 2020) (quoting *Fendler v. Westgate-Cal. Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975)).

Defendant does not challenge the adequacy of Plaintiffs' counsel, but he argues that Plaintiffs cannot adequately represent the interests of the proposed classes because they seek relief that may not apply to all class members. Dkt. 35 at 21–22. This argument, however, is "inapposite" to the adequacy inquiry; here, "nothing in the record indicates that the named Plaintiffs have any conflicts of interest with absent class members or will not prosecute this action vigorously on behalf of the class." *Armijo*, 2023 WL 8602960, at *16. Plaintiffs have thus established the adequacy requirement of Rule 23(a).

**B.      Plaintiffs have not satisfied the requirements of Rule 23(b)(2).**

Plaintiffs move for class certification under Rule 23(b)(2), which allows certification if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). The requirements of this rule "are unquestionably satisfied when members of a putative class seek uniform injunctive or declaratory relief from policies or practices that are generally applicable to the class as a whole." *Parsons v. Ryan*, 754 F.3d 657, 688 (9th Cir. 2014). However, Rule 23(b)(2) "does not authorize class certification when each individual class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Dukes*, 564 U.S. at 360. In other words, "if redressing the class members' injuries requires time-consuming inquiry into individual circumstances or characteristics of class members or groups of class members, 'the suit could become

unmanageable and little value would be gained in proceeding as a class action.'" *Armijo*, 2023 WL 8602960, at *17 (quoting *Shook v. Bd. of Cnty. Commissioners of Cnty. of El Paso*, 543 F.3d 597, 604 (10th Cir. 2008)).

Plaintiffs argue that they meet the requirements of Rule 23(b)(2) because Defendant's alleged failure to arrange for PDN and PC services is generally applicable to the potential class members. Dkt. 8 at 14–15. But as Defendant points out, Plaintiffs' request for payment of parents who perform PC services demonstrates the fact-bound inquiry necessary to provide relief for each potential class member. *See* Dkt. 35 at 24. Given that Plaintiffs have not identified a generally applicable practice or policy—aside from the lack of services received—it is not clear to the Court what sort of injunctive relief would redress the varied injuries of potential class members. The Court therefore agrees with Defendant that Plaintiffs have not met the requirements of Rule 23(b)(2).

**V.    CONCLUSION**

For the foregoing reasons, the motion for class certification (Dkt. 8) is DENIED.

Dated this 18th day of June, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION - 11